Anthony W. **HOBSON**, Plaintiff,

v.

**PRINCETON–NEW YORK INVESTORS, INC., Defendant.**

No. C–1–91–696.

United States District Court, S.D. Ohio, W.D.

March 13, 1992.

James Burdette Helmer, Jr., Helmer, Lugbill & Whitman Co., Cincinnati, Ohio, for plaintiff.

Braden Anthony Mechley, Mechley, Robbins & Kelly Co., Cincinnati, Ohio, for defendant.

## ORDER DENYING MOTION TO DISMISS OR TO CHANGE VENUE

SPIEGEL, District Judge.

This matter is before the Court on the Defendant's motion to dismiss for lack of jurisdiction or to change venue (doc. 4), the Plaintiff's response (doc. 5), and the Defendant's reply (doc. 6). In addition, the Plaintiff has moved for partial summary judgment (doc. 8), to which the Defendant has moved to hold in abeyance Plaintiff's motion for summary judgment (doc. 9), and the Plaintiff has responded (doc. 11).

The issue before the Court is whether we have personal jurisdiction over the Plaintiff. If the Court does have jurisdiction, then we must determine whether the venue should be changed.

### BACKGROUND

The Plaintiff, Mr. Hobson, is a citizen of Ohio. The Defendant, Princeton–New York Investors, Inc. ("Princeton") is incorporated in New Jersey and has its principal place of business there.

Mr. Hobson contracted with Princeton for the purchase of real estate in New Jersey. Mr. Hobson learned of the possibility of buying real estate through his brother-in-law, Asbjorn Ostevoll. The Plaintiff asserts that Mr. Ostevoll served as the agent of the Defendant. The Defendant, on the other hand, contends that Mr. Ostevoll was an independent real estate broker who used his familial tie with Mr. Hobson to persuade him to purchase real estate from the Defendant in New Jersey.

Mr. Hobson signed the contract to purchase New Jersey real estate in Ohio and mailed it to Princeton together with the payment called for in the contract. Princeton subsequently deposited Mr. Hobson's check.

Mr. Hobson did not visit the real estate development until a year and a half after he contracted with Princeton. After pur-

chasing the real estate, Mr. Hobson received numerous newsletters, brochures, and correspondence regarding his property. Plaintiff's Response to Defendant's Motion to Dismiss, doc. 5, ex. B. Moreover, Princeton sent Mr. Hobson advertisements designed to encourage additional purchases of real estate.

Mr. Hobson now claims that Princeton has failed to perform its obligations under the contract.

## DISCUSSION

The Defendant argues that this Court does not have personal jurisdiction over the Defendant. Furthermore, the Defendant contends that even if this Court does have personal jurisdiction over the Defendant, the Court should dismiss the case or transfer it because of improper venue. We shall first consider the question of personal jurisdiction.

### Jurisdiction

A plaintiff's choice of forum is given great weight. *See Gdovin v. Catawba Rental Co.*, 596 F.Supp. 1325, 1327 (N.D.Ohio 1984) (*citing Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955)). However, the federal courts have only limited jurisdiction. A federal court must have jurisdiction over the subject matter and the parties involved before it can consider the merits of the case. *See* Charles Alan Wright, *The Law of Federal Courts* § 7 (1983). The question here is whether the Court has personal jurisdiction over the Defendant.

In determining whether personal jurisdiction exists, we must examine the Interstate Land Sales Full Disclosure Act ("Act"), pursuant to which the Plaintiff has brought this lawsuit.[1] This Act sets forth in pertinent part that a plaintiff may sue "... in the district where *the offer or sale* took place, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found." 15 U.S.C. § 1719 (1991) (emphasis added).

Thus, this Court has jurisdiction if the Defendant, Princeton, participated in the offer or sale of real estate in this district. In the matter before this Court, Mr. Hobson signed a contract in Ohio to purchase real estate in New Jersey. Mr. Hobson then sent the signed contract and a check for the first payment on the real estate to Princeton. Thus, Mr. Hobson and Princeton made a contract for the sale of real estate in Ohio. Even if the Defendant argues that Mr. Ostevoll was not acting on their behalf as an agent in submitting Princeton's proposed contract to Hobson in Ohio, Princeton subsequently ratified Mr. Ostevoll's actions by depositing Mr. Hobson's check. *See* 3 *O. Jur.*3d Agency §§ 81–100 (1991). Thus, Princeton has participated in the *offer and sale* of real estate in this district of Ohio. Therefore, under

**1.** Importantly, the requirement of personal jurisdiction protects a party's constitutional right of due process. Therefore, a party will be subject to a lawsuit only if: (1) the party being brought into court has purposefully availed itself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action arises from the defendant's activities there; and, (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make it reasonable for the court to have jurisdiction. *Southern Machine Co. v. Mohasco Indus. Inc.*, 401 F.2d 374, 381 (6th Cir.1968).

The question of personal jurisdiction does not rise to a constitutional level in this case, because the Interstate Land Sales Full Disclosure Act provides a narrower definition of personal juris-

diction than the Constitution requires. Under the Act, a suit may be brought in the district where the offer or sale took place if the defendant has participated in the offer or sale. Thus, if the defendant has participated in the forum state in the offer or sale of real estate encompassed under the Act, then it has purposefully availed itself to the privilege of acting in the forum state and the constitutional protections of due process have been met. In other words, by virtue of meeting the jurisdictional requirement of the Act, the constitutional protections for personal jurisdiction will necessarily have been met. *See generally, Burger King v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

the Act this Court has personal jurisdiction over the Defendant.

### Venue

 Congress has provided that "[f]or the convenience of the parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In order for a transfer to take place, the Defendant must make a strong showing of inconvenience to warrant upsetting the Plaintiff's choice of forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986). Thus, the Defendant must make a strong showing that the transfer would not merely shift the inconvenience from one party to another. *Id.*

In the matter before the Court, the Defendant has failed to make the requisite strong showing. Several factors indicate that this matter might be more appropriately tried in New Jersey. The real estate in question is in New Jersey, and several non-party witnesses are not within the scope of jurisdiction of this Court. Furthermore, Princeton claims that documents necessary to its defense are located in New Jersey.

However, in light of the Act which permits the Plaintiff to bring his lawsuit in this Court, we conclude that the Plaintiff's choice of forum is paramount. Furthermore, the Defendant has made no showing that this case will be tried any sooner in New Jersey than before this Court. Thus, we decline to grant the Defendant's motion to change the venue.

### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The Court must also consider the Defendant's motion to hold in abeyance the Plaintiff's motion for partial summary judgment until the Court has ruled on the Defendant's motion to dismiss and to transfer. In light of the fact that the Defendant has not responded substantively to the Plaintiff's motion for partial summary judgment, the Court will not now rule on the Plaintiff's motion. The Defendant will have until March 27, 1992 to issue its response to the Plaintiff's motion for partial summary judgment. The Plaintiff will then have until April 3, 1992 to reply.

SO ORDERED.