**UNITED STATES of America ex rel.
David A. GRAND, Plaintiff,**

**v.**

**NORTHROP CORP., Defendant.**

**No. C–1–91–222.**

United States District Court,
S.D. Ohio, W.D.

April 10, 1992.

See also 815 F.Supp. 238.

Ann Louise Lugbill and James Burdette Helmer, Jr., Helmer, Lugbill & Whitman Co., Cincinnati, OH, for plaintiff.

Michael Wesley Hawkins, Dinsmore & Shohl, Cincinnati, OH, for defendant.

Gerald Francis Kaminski, U.S. Dept. of Justice, Cincinnati, OH, for intervenor-plaintiff.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR TO TRANSFER

SPIEGEL, District Judge.

This matter is before the Court on the Defendant's motion to dismiss for improper venue or, in the alternative to transfer to a more convenient forum (doc. 11), the Plaintiff's response (doc. 14) and supplemental support (doc. 15), and the Defendant's reply (doc. 17).

## BACKGROUND

The Plaintiff[1], David A. Grand, has brought this suit against his former employer, Northrop Corporation ("Northrop"), claiming that various actions by Northrop violated the False Claims Act. *See* 31 U.S.C. §§ 3729–3733 (1991). Specifically, Mr. Grand asserts that Northrop retaliated against him by discharging him in violation of 31 U.S.C. § 3730(h).

Mr. Grand worked at Northrop from March 1, 1987 to July 30, 1988 as the Manager of Security for Advanced Projects at Northrop. According to Mr. Grand, he uncovered and reported to his superiors major security violations by Northrop. Mr. Grand further claims that Northrop did not report these security violations as required under the law.

Mr. Grand originally filed this lawsuit under seal on April 4, 1991, pursuant to 31 U.S.C. § 3730(b)(2) (1991). On October 21, 1991, the United States advised the Court that it had elected to decline to participate in this action. Therefore, the Complaint in this action was unsealed, and Mr. Grand was ordered to serve the Complaint along with the Court Order upon the Defendant, Northrop. 31 U.S.C. § 3730(b)(2).

Northrop asks this Court to dismiss for improper venue on both counts in the Complaint, or in the alternative, to transfer the Complaint to the Central District of California, which it claims is a more convenient and appropriate forum.

## DISCUSSION

### *Motion to Dismiss*

Northrop first contends that the Complaint should be dismissed for improper venue because venue is not proper in the Southern District of Ohio. In the complaint, the *qui tam* Plaintiff alleged in paragraph 5:

Venue is proper in the Southern District of Ohio, Western Division, under 31 U.S.C. § 3732(a) and 28 U.S.C. §§ 1391(b) and (c) because defendant Northrop Corporation transacts business in this district and this division, because one of the

primary affective government agencies, the Defense Industrial Securities Clearing Office (DISCO) resides in and is headquartered in this district, and because one or more of the pertinent government contracting officers responsible for the affected contract or contracts resides in this district.

Complaint, doc. 1, at 3, ¶ 5.

The False Claims Act provides that any action under the False Claims Act may be brought "[i]n any judicial district in which the defendant ... can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred." 31 U.S.C. § 3732.

■ We are satisfied that this case is properly venued here, because Northrop transacts business in this judicial district. In its motion, Northrop concedes that it "enter[s] into agreements whereby some of its systems, equipment and machinery may be utilized by the United States Air Force at Wright Patterson Air Force Base in Dayton, Ohio." Defendant's Motion to Dismiss for Improper Venue, or in the Alternative to Transfer to a More Convenient Forum, Doc. 11, at 3.

Furthermore, Northrop's business at Wright–Patterson involves the B–2 bomber. One of the largest subcontractors working on the B–2 bomber is General Electric's Aircraft Engines Division, which is located within this judicial district. Northrop has responsibility for ensuring General Electric's compliance with the applicable security requirements. Grand Affidavit, ¶ 6, attached as Ex. A to doc. 14. In fact, Northrop has sent its employees to General Electric's Aircraft Engines Division to investigate General Electric's compliance with national security regulations. *Id.*

■ Northrop argues that in determining venue, this Court must weigh its contacts with California as compared to those contacts in Ohio. We disagree. Congress clearly provided that a False Claims Action could take place in any judicial district

---

1. Technically, Mr. Grand is the Relator and the United States is the Plaintiff. However, as Mr. Grand is pursuing this action, this Court will refer to Mr. Grand as the Plaintiff.

where the defendant transacts business. 31 U.S.C. § 3732. Because Northrop conducts business in this judicial district, we deny the Defendant's motion to dismiss this case.

### Motion to Transfer

The Defendant, Northrop, contends in the alternative that this Court should transfer this action to the Central District of California. Congress has provided that "[f]or the convenience of parties and witnesses, and the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." 28 U.S.C. § 1404(a).

 The party requesting a transfer bears the burden to prove why a court should grant a transfer. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). In considering a motion to transfer, a court should balance such factors as: (1) the private interests of the litigants; (2) the convenience to the witnesses; (3) the location of the operative facts; (4) the location of documentary evidence; (5) the possibility of prejudice in either the forum or transfer state; and, (6) the public's interest. *Id.; Cincinnati Milacron Indus. v. Aqua Dyne, Inc.,* 592 F.Supp. 1113 (S.D.Ohio 1984).

Northrop argues that transfer is merited because this litigation has substantial contacts with the state of California. Specifically, the Defendant notes the following facts: (1) Northrop's principal place of business is Los Angeles, California; (2) the Plaintiff's employment with Northrop and his entire job tenure occurred in California; (3) many of the witnesses reside in California; (4) the Plaintiff was a resident of California at the time of his employment and personally lives in Maryland; and, (5) many of documents related to this action are located in California.

Mr. Grand, on the other hand, asserts that this matter should not be transferred. In support of his position, the Plaintiff notes the following facts: (1) he has chosen the Southern District of Ohio as his choice of forum; (2) many of the witnesses are from Southern Ohio and others reside on the East Coast; (3) much of the documentary evidence will come from Columbus and Dayton; (4) a significant part of the Plaintiff's cause of action arose in Ohio in relation to the Defendant's alleged failure to ensure General Electric's compliance with the applicable security requirements; and, (5) the Plaintiff would be prejudiced if forced to litigate in California.

 In weighing the appropriate factors when considering a motion to transfer, we first note that "... unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil,* 330 U.S. at 508, 67 S.Ct. at 843; *see also Hobson v. Princeton,* 799 F.Supp. 802 (March 13, 1992) (J. Spiegel) (holding that a plaintiff's choice of forum should be given strong consideration in a motion to transfer). Furthermore, many of the witnesses will come from various cities in Ohio. Others will come from Washington, D.C. Therefore, the Southern District of Ohio is a more convenient forum for these witnesses than the Central District of California. Furthermore, documentary evidence probably will come from both California and Ohio.

In addition, we are persuaded that Northrop is better able to bear the additional costs of litigating this matter in Ohio than the Plaintiff would litigating in California. *See AMF, Inc. v. Computer Automation, Inc.,* 532 F.Supp. 1335, 1343, 1344 (S.D.Ohio 1982) (holding that a court may consider the relative financial status of the parties in considering a motion to transfer). Finally, in considering the public's interest, serious charges exist that Northrop defrauded the government. This matter should be resolved without delay for the sake of all parties. *See id.* at 1343 (concluding that the public interest favors prompt resolution of disputes). By not transferring this matter, this litigation will be resolved more promptly. Therefore, we conclude that the Defendant has not met its burden, and that this case should not be transferred.

### CONCLUSION

Accordingly, after reviewing the arguments of counsel and the material supplied

by both sides in support of their respective positions, we deny the Defendant's motion to dismiss for improper venue, or, in the alternative, to transfer it to a more convenience forum.

SO ORDERED.